MARK W. ROBERTSON (S.B. #200220)
mrobertson@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061

KELLY S. WOOD (S.B. #267518)
kwood@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone:    (949) 823-6900
Facsimile:    (949) 823-6994

Attorneys for Defendant
Piedmont Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE DIXON, individually, and on behalf of other similarly situated employees,<br><br>                Plaintiff,<br><br>    v.<br><br>PIEDMONT AIRLINES, INC.; and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No. _____<br><br>**PIEDMONT AIRLINES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>[Filed concurrently with Civil Cover Sheet; Certificate of Conflicts and Interested Entities or Persons; Fed. R. Civ. P. 7.1 Corporate Disclosure Statement; and Declaration of Stephen Monserrate]<br><br>(Sonoma County Superior Court Case No. 25CV02595) |

# TABLE OF CONTENTS

**Page**

I.    CLASS ACTION FAIRNESS ACT JURISDICTION. ....................................................... 2

    A.    Plaintiff's Proposed Class Consists of More than 100 Members............................ 2

    B.    Diversity of Citizenship Is Established. ..................................................................... 3

    C.    The Aggregate Amount in Controversy Exceeds $5,000,000. .............................. 4

        1.    Unpaid Minimum Wages ................................................................................. 6

        2.    Unpaid Overtime Wages ................................................................................. 7

        3.    California Labor Code Section 1197.1 Penalties ..................................... 10

        4.    Unpaid Meal Period Compensation ........................................................... 11

        5.    Meal and Rest Period Premiums ................................................................. 12

        6.    Untimely Payment and Waiting Time Penalties ....................................... 14

        7.    Wage Statement Penalties .............................................................................. 16

        8.    Attorneys' Fees ................................................................................................. 17

    D.    No CAFA Exceptions Apply. ..................................................................................... 19

II.    VENUE. ............................................................................................................................. 19

III.    PROCEDURAL REQUIREMENTS. ............................................................................. 19

IV.    CONCLUSION. ............................................................................................................... 20

PIEDMONT'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

<u>**CASES**</u>

*Andrade v. Beacon Sales Acquisition, Inc.*,
   2019 WL 4855997 (C.D. Cal. Oct. 1, 2019) ........................................................... 9

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ................................................................................. 6

*Behrazfar v. Unisys Corp.*,
   687 F. Supp. 2d 999 (C.D. Cal. 2009) .................................................................. 5

*Bermejo v. Lab'y Corp.*,
   2020 WL 6392558 (C.D. Cal. Nov. 2, 2020) ................................ 10, 12, 18, 19

*Bryant v. NCR Corp.*,
   284 F. Supp. 3d 1147 (S.D. Cal. 2018) ................................................................ 13

*Bulnes v. Suez WTS Servs. USA, Inc.*,
   2023 WL 2186431 (S.D. Cal. Feb. 23, 2023) ..................................................... 7

*Byrd v. Masonite Corp.*,
   2016 WL 2593912 (C.D. Cal. May 5, 2016) ....................................................... 13

*Cain v. Hartford Life & Accident Ins. Co.*,
   890 F. Supp. 2d 1246 (C.D. Cal. 2012) ............................................................... 5

*Cavada v. Inter-Continental Hotels Grp., Inc.*,
   2019 WL 5677846 (S.D. Cal. Nov. 1, 2019) ....................................................... 19

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) ................................................................................. 20

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014) ................................................................................................. 2

*Davis v. HSBC Bank Nev., N.A.*,
   557 F.3d 1026 (9th Cir. 2009) ............................................................................... 4

*Feao v. UFP Riverside, LLC*,
   2017 WL 2836207 (C.D. Cal. June 29, 2017) ................................................ 12, 13

*Ford v. CEC Entm't, Inc.*,
   2014 WL 3377990 (N.D. Cal. July 10, 2014) ..................................................... 18

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018) ................................................................................. 20

    PIEDMONT'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES
### (continued)

Page

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ................................................................. 20

*Henry v. Cent. Freight Lines, Inc.*,
    692 F. App'x 806 (9th Cir. 2017) ............................................................. 5

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) .................................................................................. 4

*Jasso v. Money Mart Express, Inc.*,
    2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ............................................ 20

*Jauregui v. Roadrunner Transp. Serv., Inc.*,
    28 F.4th 989 (9th Cir. 2022) ................................................................... 17

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ................................................................... 4

*Kastler v. Oh My Green, Inc.*,
    2019 WL 5536198 (N.D. Cal. Oct. 25, 2019) ......................................... 10

*Loazia v. Kinkisharyo Int'l, LLC*,
    2020 WL 5913282 (C.D. Cal. Oct. 6, 2020) ............................................ 9

*Mariscal v. Ariz. Tile, LLC*,
    2021 WL 1400892 (C.D. Cal. Apr. 14, 2021) ......................................... 20

*Martinez v. Cencora, Inc.*,
    2025 WL 1440321 (C.D. Cal. May 20, 2025) ......................................... 16

*Martinez v. Sunnova Energy Corp.*,
    2024 WL 4892513 (C.D. Cal. Nov. 25, 2024) ......................................... 16

*Sanchez v. Abbott Lab'ys*,
    2021 WL 2679057 (E.D. Cal. June 30, 2021) ................................... 10, 19

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013) .................................................................................. 5

*Stanley v. Distrib. Alts., Inc.*,
    2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) ........................................... 13

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................... 20

*United Parcel Serv., Inc. v. Superior Court*,
    196 Cal. App. 4th 57 (2011) ................................................................... 14

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                          **Page**

3      **STATUTES**

4      28 U.S.C. § 84 .......................................................................................... 21

5      28 U.S.C. § 1332 ....................................................................... 2, 3, 4, 5, 6, 21

6      28 U.S.C. § 1441 ............................................................................ 1, 5, 21, 22

7      28 U.S.C. § 1446 ......................................................................... 1, 2, 21, 22

8      28 U.S.C. § 1453 ......................................................................... 1, 2, 21, 22

9      Cal. Bus. & Prof. Code §§ 17200, *et seq.* ............................................. 1

10     Cal. Lab. Code § 203 ................................................................................ 17

11     Cal. Lab. Code § 204 ........................................................................ 16, 17

12     Cal. Lab. Code § 210 ........................................................................ 16, 17

13     Cal. Lab. Code § 226 ........................................................................ 18, 19

14     Cal. Lab. Code § 226.7 ............................................................................ 14

15     Cal. Lab. Code § 510 .......................................................................... 8, 16

16     Cal. Lab. Code § 512 ............................................................................ 14

17     Cal. Lab. Code § 551 .............................................................................. 9

18     Cal. Lab. Code § 552 .............................................................................. 9

19     Cal. Lab. Code § 1194 ...................................................................... 7, 9,16

20     Cal. Lab. Code § 1194.2 .......................................................................... 7

21     Cal. Lab. Code § 1197 ........................................................................ 7, 16

22     Cal. Lab. Code § 1197.1 .............................................................. 6, 7, 11, 12

23     Cal. Lab. Code § 1198 ............................................................................ 8

24

25     **OTHER AUTHORITIES**

26     IWC Wage Order No. 9 .................................................... 8, 9, 12, 14, 15

27

28

PIEDMONT'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1446 and 1453, defendant Piedmont Airlines, Inc. ("Piedmont") invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441 and states the following grounds for removal:

1. On April 14, 2025, Plaintiff Nicole Dixon ("Plaintiff") filed a complaint in the Superior Court of the state of California, County of Sonoma, styled and captioned as above (the "Complaint"). (Ex. A.) The matter was given Case No. 25CV02595 and assigned to Judge Jane Gaskell (the "State Court Action"). (Ex. C.) Pursuant to 28 U.S.C. §1446(a), attached as Exhibits A–E are copies of all process, pleadings, and orders served in the State Court Action.

2. Plaintiff purports to bring this suit as a civil class action for damages and/or penalties under the California Labor Code and the California Business and Professions Code on behalf of herself and similarly situated putative class members. In the Complaint, Plaintiff brings claims against Piedmont for its alleged failure to (1) pay minimum wages, (2) pay overtime wages, (3) provide one day of rest for every seven days worked or pay attendant overtime wages, (4) provide compliant meal periods or pay attendant premiums, (5) provide compliant rest periods or pay attendant premiums, (6) timely pay wages during employment, (7) provide accurate itemized wage statements, (8) timely pay wages upon separation from employment, and (9) reimburse employees for necessary business expenses. Finally, Plaintiff alleges Piedmont committed acts of unfair competition as defined by the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200, *et seq.* Based on the allegations in the Complaint and on behalf of herself and the putative class members, Plaintiff seeks liquidated and compensatory damages, restitution, penalties, and attorneys' fees, interest, and costs.

3. On May 5, 2025, Plaintiff served Piedmont with the Complaint in this matter through an authorized process server. (Ex. D.) Soon after, the court entered a text-only entry setting a case resolution conference for September 25, 2025. On June 2, 2025, Piedmont filed an Answer and General Denial in response to Plaintiff's Complaint. (Ex. E.) Other than the

documents attached as Exhibits A–E, no other proceedings, pleadings, or orders have been filed and served in this action, and no other defendant has been named or served.

4.      A defendant must file a notice of removal within 30 days of receipt of the plaintiff's initial pleading or other documentation from which it can be ascertained that the case is removable.  28 U.S.C. § 1446(b)(1), (b)(3).  This Notice of Removal has been timely filed within 30 days of service of the Complaint upon Piedmont.  (*See* Ex. D.)

5.      In addition, as required by 28 U.S.C. § 1446(c), this Notice of Removal has been filed within one year of the commencement of the State Court Action (April 14, 2025).

6.      Piedmont denies liability on all claims alleged in this action, denies that class certification is proper, denies that Plaintiff and the putative class members have been damaged in any amount, and reserves all rights in these regards.  For the purposes of meeting the jurisdictional requirements of removal only, however, Piedmont submits this Court has subject matter jurisdiction over all the claims alleged in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff, have a different citizenship from one or more defendants; (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs; and (d) no exceptions to CAFA apply.  28 U.S.C. §§ 1332(d), 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant" (internal quotation marks omitted)).

## I.    CLASS ACTION FAIRNESS ACT JURISDICTION.

### A.    Plaintiff's Proposed Class Consists of More than 100 Members.

7.      For CAFA jurisdiction to attach, the number of putative class members must equal or exceed 100 persons.  28 U.S.C. § 1332(d)(5)(B).  At Paragraph 24 of the Complaint, Plaintiff defines the putative "Class" in this action as follows:

a. "All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint [i.e., April 14, 2025] through final judgment."; and

8.    At Paragraph 25 of the Complaint, Plaintiff defines the putative "Former Employee Sub-Class" as follows:

a. "All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment."

9.    Plaintiff's proposed "Former Employee Sub-Class" is duplicative of the "Class," which already encompasses former employees.  Piedmont accordingly understands the "Class" to include all current and former hourly-paid and/or non-exempt employees working for Piedmont in the state of California from April 14, 2021 to the present ("Class Period").  Piedmont employed the following numbers of non-exempt employees in California during the Class Period: 220 as of April 14, 2021; 205 as of April 14, 2022; 206 as of April 14, 2023; and 207 as of April 14, 2024. (Declaration of Stephen Monserrate ("Monserrate Decl.") ¶ 6(a)–(d).)

**B.    <u>Diversity of Citizenship Is Established</u>.**

10.    Diversity of citizenship is established under 28 U.S.C. § 1332(d)(2) because the Class members are citizens of California, and Piedmont is not.

11.    Plaintiff is a resident of and domiciled in California (Ex. A ("Compl.") at 2 ¶ 9), and she is therefore a citizen of California for diversity of citizenship purposes.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that a "natural person's state citizenship is . . . determined by her state of domicile").

12.    Plaintiff seeks to represent a class of Piedmont's current and former California non-exempt employees.  (Compl. at 4 ¶¶ 23–25.)

13.    For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated, and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).

14.     Piedmont is a corporation incorporated under the laws of Maryland.  (Monserrate Decl. ¶ 2.)

15.     A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "in practice it should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009).  Applying this test, Piedmont's principal place of business is in Maryland because its corporate headquarters are located at 5443 Airport Terminal Road, Salisbury, Maryland 21804, where its officers direct, control, and coordinate the corporation's activities, forming the "nerve center" of the organization.  (Monserrate Decl. ¶ 3.)

16.     Accordingly, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c)(1), Piedmont is and has been for all relevant times a citizen of the state of Maryland.

17.     The Complaint names 25 "Does" as defendants.  For the purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

18.     Because Plaintiff is a citizen of California who sues on behalf of a California class, while Piedmont is a citizen of Maryland, at least one, if not all, Class members and Piedmont are diverse from one another.  The minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is thus satisfied.

**C.    The Aggregate Amount in Controversy Exceeds $5,000,000.**

19.     Piedmont contends that Plaintiff's claims are without merit, that neither Plaintiff nor the Class members are entitled to money or can recover money in any amount, and that class certification would be inappropriate.  For purposes of meeting the jurisdictional requirements of removal only, however, Piedmont submits that the aggregate amount "in controversy" for all Class members exceeds the sum or value of $5,000,000, and thus satisfies 28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive

of interests and costs." 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

20.    In determining the amount in controversy, the court must "accept[] the allegations contained in the complaint as true and assume[] the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1248–49 (C.D. Cal. 2012). "The removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (internal quotation marks omitted).

21.    Here, Plaintiff seeks, *inter alia*, recovery for allegedly unpaid minimum wages; unpaid overtime wages, including unpaid overtime wages for failure to provide one day of rest for every seven working days; penalties under California Labor Code section 1197.1; unpaid meal-period compensation; meal-period premiums; rest-period premiums; waiting time penalties; inaccurate wage statement penalties; unreimbursed business expenses; and attorneys' fees during the applicable statutory periods on behalf of herself and the Class.  (Compl. at 19–21 ¶¶ 5–51.) Based on Plaintiff's allegations, the amount placed in controversy well exceeds the $5,000,000 threshold for CAFA removal.  *See* 28 U.S.C. § 1332(d).

22.    In establishing that the amount in controversy exceeds the $5,000,000 CAFA threshold, Piedmont makes the following assumptions based on Plaintiff's Complaint and the facts about Piedmont's non-exempt California employees:

        a.    Plaintiff's proposed Class includes all of Piedmont's current and former non-exempt employees in the state of California during the Class Period. (*See* Compl. at 4 ¶ 24 (defining the Class as "[a]ll current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California" during the Class Period).)

        b.    Piedmont employed an average of 209 non-exempt employees in the state of California on April 14th of any given year during the Class Period. (Monserrate Decl. ¶ 6.)

c.     The average hourly rate paid to any Class member during the class period is $18.24.  (*Id.* ¶ 8.)

d.     Accounting for leaves of absence, sick leave, and vacation, Piedmont's non-exempt employees working in the state of California during the Class Period worked an average of 49 weeks per year.  (*Id.* ¶ 9.)[1]

### 1.    Unpaid Minimum Wages

23.    California Labor Code section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."  Plaintiff brings her first cause of action for unpaid wages under California Labor Code sections 1194, 1197, and 1197.1 and seeks damages and/or penalties pursuant to California Labor Code sections 1194, 1194.2, 1197, and 1197.1 for unpaid minimum wages, as well as interest, costs, and attorneys' fees.  (Compl. 7–8 ¶¶ 33–38, 19 ¶¶ 5–11.)

24.    Courts in this circuit regularly find that it is reasonable for a defendant to assume a violation rate of 25 to 60 percent for purposes of calculating the amount in controversy based on a plaintiff's allegations that defendant had a pattern and practice of violating the provision at issue. *E.g.*, *Bulnes v. Suez WTS Servs. USA, Inc.*, 2023 WL 2186431, at *4 (S.D. Cal. Feb. 23, 2023) (collecting cases and concluding that a 40 percent violation rate was reasonable when estimating unpaid overtime wages to determine the CAFA amount in controversy).  Based on Plaintiff's allegation that "Plaintiff and the other Class Members were frequently suffered or permitted to work 'off-the-clock' prior to clocking in or after clocking out for their shifts," it is reasonable to assume that each class member worked at least two hours per week without receiving mandatory minimum wages as a matter of Piedmont's alleged practices.  (Compl. at 7 ¶¶ 34–37.)

25.    Accordingly, Plaintiff and the Class seek unpaid minimum wages for Piedmont's alleged violation of California Labor Code sections 1194 and 1197 and pursuant to California

---

[1] *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (holding that assumptions underlying a defendant's approximation of the amount in controversy "need not be proven; they instead must only have 'some reasonable ground underlying them'") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)).

Labor Code section 1194.2 in the amount of **$1,282,992.48**.  This amount is calculated by multiplying the number of workweeks worked by Piedmont's non-exempt California employees between April 14, 2021 and June 4, 2025 (the "Class Period") —which includes an average of 49 work weeks for the past four years plus the seven workweeks that have passed since filing of the complaint—(203) (Monserrate Decl. ¶ 9.) by the average number of relevant employees employed during the Class Period (209) for a total of 42,427 aggregate workweeks (203 workweeks x 209 employees = 42,427 workweeks).  (*See id.* ¶ 6.)  Assuming two hours of unpaid minimum wages at the average California hourly minimum wage rate during the Class Period ($15.12) results in $1,282,992.48 of estimated damages ($15.12 x 42,427 x 2 hours = $1,282,992.48).  Even more conservatively assuming one hour of unpaid minimum wages per week for each of Piedmont's non-exempt California employees places $641,496.24 in controversy ($15.12 x 42,427 = $641,496.24).

### 2.    Unpaid Overtime Wages

26.    California Labor Code section 510 provides that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California Labor Code section 1198 and Industrial Welfare Commission ("IWC") Wage Order 9 § 3(A) further provide that "employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek . . . [or] beyond eight (8) hours in any workday or more than six (6) days in any workweek. . . ."

27.    Plaintiff alleges that she and "other Class [m]embers regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek," for which Piedmont failed to pay overtime wages in violation of California Labor Code sections 510 and 1198 and the applicable IWC Wage Order 9.  (Compl. 8–9 ¶¶ 39–46.)  Plaintiff alleges that Piedmont failed to pay such wages in a variety of scenarios, including "(a) when the combined total of the off-the-

clock work [alleged] . . . and on-the-clock work exceed the number of hours that trigger the payment of overtime wages . . .; (b) when [Piedmont] . . . mischaracterized overtime as straight time; (c) when [Piedmont] assigned more work than could reasonably completed in a workday or workweek to Plaintiff and Class [m]embers, but refused to authorize the overtime necessary to complete the assigned work; and (d) when [Piedmont] failed to include all required wages and renumeration when calculating setting [sic] the overtime rate." (*Id.* at 9 ¶ 44.)  For these violations, Plaintiff seeks "unpaid overtime compensation" pursuant to California Labor Code section 1194. (*Id.* at 9 ¶¶ 45–46, at 19–20 ¶¶ 12–16.)

28.    Plaintiff further alleges that she and other putative Class members were subjected to numerous work periods where they were not afforded one day's rest in seven in violation of California Labor Code sections 551 and 552 and IWC Wage Order 9 § 3(A). (*Id.* at 9 ¶¶ 48, 50.) Plaintiff alleges that under California regulations, she and the Class are entitled to overtime pay "for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek." (*Id.* at 10 ¶¶ 49-51.).

29.    Based on Plaintiff's  allegation that Piedmont "regularly" failed to pay the Class overtime wages, it is reasonable to assume that each of Piedmont's non-exempt employees in the state of California worked at least two hours of unpaid overtime per week during the Class Period, i.e., a 40 percent violation rate.  *See, e.g., Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *3–4 (C.D. Cal. Oct. 1, 2019) (finding a 40 percent violation rate, or two hours of unpaid overtime per week, was reasonable based on plaintiff's pattern-or-practice allegations).[2]

30.    Further, based on Plaintiff's allegation that she and other class members were subject to "numerous work periods" in which they were not afforded one day's rest in seven consecutive workdays, it is reasonable to assume that each of Piedmont's non-exempt employees

---

[2] Indeed, some courts have held that an assumption of one hour of unpaid overtime per day—i.e., a 100 percent violation rate—is reasonable where plaintiff alleged that class members regularly worked in excess of eight hours a day without limiting the allegation.  *See Loazia v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *9 (C.D. Cal. Oct. 6, 2020) (holding that assumption of one hour of overtime per employee, per day was reasonable where plaintiff alleged that the class worked in excess of eight hours a day, without limiting that figure and defendant provided evidence of average time worked).

experienced an alleged violation during at least five workweeks in each year of the Class Period (i.e., 20 workweeks during the Class Period, which is a 10 percent violation rate based on 203 workweeks).  (Compl. at 10 ¶ 50.)

31.    Accepting Plaintiff's allegations as true, Plaintiff and the Class seek overtime wages in the amount of **$1,078,841.28**.  This amount is calculated by multiplying the number of workweeks for each of Piedmont's California non-exempt employees (203 workweeks) by the average number of non-exempt California employees (209) that Piedmont employed during that period for a total of 42,427 aggregate workweeks (203 workweeks x 209 employees = 42,427 workweeks).  (*See* Monserrate Decl. ¶ 6.)  Assuming that each Class member worked two hours of overtime per workweek, but was paid straight time for those hours, the average hourly overtime rate of $9.12 would be owed (the average straight time hourly rate of $18.24 / 2) the result is $9.12 x 42,427 workweeks x 2 hours = $773,868.48).  (Monserrate Decl. ¶ 8.)  Even more conservatively assuming one hour of unpaid overtime per workweek—i.e., a 20 percent violation rate—for each Class member the result is $386,934.24 ($9.12 x 42,427 workweeks = $386,934.24).[3]

32.    In addition to daily overtime, Plaintiff alleges that she and other Class members were not paid proper overtime wages because they worked more than six consecutive workdays in a given workweek without receiving a day of rest.  Based on these allegations, Plaintiff and the Class seek overtime wages in the amount of **$304,972.80**.  This amount is calculated by multiplying a conservative assumption of 20 workweeks in which each putative Class member worked more than six consecutive workdays in a week without receiving overtime pay during the Class Period by the average number of non-exempt California employees (209) that Piedmont employed during that period for a total of 4,180 aggregate workweeks (20 workweeks x 209

---

[3] Courts in this circuit regularly conclude that a 20 percent violation rate (one unpaid overtime hour per employee, per week) is a "reasonable and 'conservative estimate' when plaintiff alleges a 'policy and practice' of failing to pay overtime wages."  *Sanchez v. Abbott Lab'ys*, 2021 WL 2679057, at *5 (E.D. Cal. June 30, 2021); *Bermejo v. Lab'y Corp.*, 2020 WL 6392558, at *4 (C.D. Cal. Nov. 2, 2020); *Kastler v. Oh My Green, Inc.*, 2019 WL 5536198, at *4–5 (N.D. Cal. Oct. 25, 2019).

employees = 4,180 workweeks).  (*See* Monserrate Decl. ¶ 6.)  Assuming that each Class member

worked a seventh consecutive eight-hour day in each of those workweeks without receiving an

intervening day of rest, but was paid straight time for those hours, the average hourly overtime

rate of $9.12 would be owed (the average straight time hourly rate of $18.24 / 2) the result is

$9.12 x 4,180 workweeks x 8 hours = $304,972.80).

33.     Combined, Plaintiff's second and third causes of action for failure to pay overtime

wages puts into controversy **$1,078,841.28** ($773,868.48 + $304,972.80) and no less than

$691,907.04 (386,934.24 + 304,972.80).

### 3.     California Labor Code Section 1197.1 Penalties

34.     Plaintiff also seeks penalties for unpaid minimum wages under California Labor

Code section 1197.1.  (Compl. at 7–8, ¶¶ 34–36, 37, at 19 ¶¶ 5, 7.)  California Labor Code section

1197.1 imposes penalties for the underpayment of wages in the amount of $100 for "any initial

violation that is intentionally committed . . . for each underpaid employee for each pay period for

which the employee is underpaid" and $250 "for each [subsequent] underpaid employee for each

pay period for which the employee is underpaid regardless of whether the initial violation is

intentionally committed." Cal. Lab. Code § 1197.1(a)(1)–(2).

35.     Plaintiff's demand for penalties under California Labor Code section 1197.1 puts

into controversy **$1,327,150**.  Based on the conservative assumption that each Class member

worked at least one underpaid hour per week, it is reasonable to assume that each employee had

at least one underpayment per pay period.[4]  Therefore, the initial violation would result in a

penalty of $20,900 ($100 x 209 employees).  (Monserrate Decl. ¶ 6.)  Each subsequent pay period

during the one-year statutory period would result in an aggregate penalty of $52,250 ($250 x 209

employees = $52,250).  For the 25 pay periods remaining in the year after the initial pay period,

---

[4] *See Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *3–5 (C.D. Cal. June 29, 2017)
(applying a 100 percent violation rate to section 1197.1 penalties where plaintiff made broad
claims of a pattern and practice of wage abuse and did not otherwise limit those claims); *cf.*
*Bermejo*, 2020 WL 6392558, at *4 (finding a 100 percent violation rate for wage statement
penalties reasonable because each wage statement would be incorrect when the defendant
reasonably assumed that its alleged pattern or practice of failing to pay overtime amounted to
about one unpaid hour of overtime per employee, per week).

the penalties would total $1,306,250 (25 pay periods x $52,250 = $1,306,250). The aggregate penalties total $1,327,150 ($20,900 + $1,306,250).

### 4.    Unpaid Meal Period Compensation

36.    Plaintiff alleges that she and "other Class [m]embers . . . were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." (Compl. at 11 ¶ 60.)   Plaintiff further alleges that she and "other Class [m]embers . . . were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes." (*Id.* at 11 ¶ 61.)  Plaintiff alleges that Piedmont required her and "other Class [m]embers to work during meal periods and failed to compensate [them] for work performed during meal periods," including "work[ing] through their lunch breaks, permitting and/or requiring Plaintiff and Class [m]embers to take late lunch breaks, permitting and/or requiring Plaintiff and Class [m]embers to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class [m]embers during their lunch breaks, failing to relieve Plaintiff and Class [m]embers of all duties during their lunch breaks, and restricting Plaintiff and Class [m]embers from leaving the premises during their lunch breaks" in violation of California Labor Code sections 226.7 and 512 and IWC Wage Order 9.  (*Id.* at 11–12 ¶¶ 56, 62.)  Plaintiff accordingly seeks "actual, consequential, and incidental losses and damages." (*Id.* at 20 ¶¶ 23, 25.)

37.    Based on these allegations, it is reasonable to assume that each of Piedmont's non-exempt employees in the state of California were not given an opportunity to take one meal period per week during the Class Period. *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016) (collecting cases, noting "the Court finds reasonable the assumption that each putative class member missed one meal break and one rest period per workweek").  Courts have even deemed three missed meal periods per week a reasonable assumption. *See, e.g.*, *Feao*, 2017 WL 2836207, at *3–5 (presumption of three unpaid meal penalties and three unpaid rest break penalties reasonable); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding assumed violation rates of three meal period penalties and three rest period penalties reasonable); *Stanley v. Distrib. Alts., Inc.*, 2017 WL 6209822, at *2–3 (C.D. Cal. Dec. 7, 2017) (concluding

that assumed violation rates of three missed rest breaks and three missed meal breaks per week was reasonable).

38.     Accepting Plaintiff's allegations as true, Plaintiff and the Class seek wages for missed meal periods in the amount of **$386,934.24**.  This amount is calculated by multiplying the number of workweeks for each of Piedmont's California non-exempt employees (203) by the average number of non-exempt California employees (209) that Piedmont employed during that period for a total of 42,427 aggregate workweeks (203 workweeks x 209 employees = 42,427 workweeks).  (*See* Monserrate Decl. ¶ 6.)  Assuming one missed 30-minute meal period per workweek for each employee at the average hourly rate of $18.24 the result is $386,934.24 ($18.24 x .5 (i.e., a 30-minute meal period) x 42,427 workweeks = $386,934.24).

### 5.     Meal and Rest Period Premiums

39.     Under California law, an employee who works more than five hours per day is entitled to an uninterrupted meal period of at least 30 minutes.  Cal. Lab. Code § 512.  An employee who works four hours or a "major fraction thereof" is entitled to a 10-minute rest period.  IWC Wage Order No. 9 § 12.  If an employer fails to provide a legally required meal or rest period, the employer must pay a meal or rest period penalty of one hour of wages at the employee's regular rate of pay.  *Id.*; Cal. Lab. Code § 226.7(c).  If both a meal period and a rest period are not provided to an employee in a workday, he or she can recover "two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods."  *United Parcel Serv., Inc. v. Superior Court*, 196 Cal. App. 4th 57, 69 (2011).

40.     In her fourth cause of action, Plaintiff alleges that "[d]uring the relevant time period, [Piedmont] failed to pay Plaintiff and the other Class [m]embers all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order," and that due to such violations "Plaintiff and other Class [m]embers are entitled to recover from [Piedmont] one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided."  (Compl. at 12 ¶¶ 64–66.)

41.     Conservatively assuming one missed meal period per week for each of Piedmont's non-exempt California employees during the Class period at the average hourly rate of $18.24— which, as Plaintiff notes, is necessarily lower than the regular rate of pay for certain employees— the amount put in controversy is **$773,868.48**.  This amount is calculated by multiplying the number of workweeks for each of Piedmont's California non-exempt employees (203 workweeks) by the average number of non-exempt California employees (209) that Piedmont employed during that period for a total of 42,427 aggregate workweeks (203 workweeks x 209 employees = 42,427 workweeks).  Assuming one missed meal period and resulting meal-period penalty per week at the average hourly rate of $18.24 results in $773,868.48 of estimated damages ($18.24 x 42,427 workweeks = $773,868.48).

42.     In her fifth cause of action, Plaintiff alleges that Piedmont "routinely required Plaintiff and the other Class [m]embers to work three and one half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period for each four (4) hour period," and "willfully required, suffered, and permitted Plaintiff and the other Class [m]embers to work during what should have been their rest periods."  (Compl. at 13 ¶¶ 71–72.)  Plaintiff alleges that Piedmont had "no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted . . . and thus [Piedmont] failed to pay Plaintiff and the other Class [m]embers the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order."  (*Id.* at 13 ¶ 75.)

43.     Conservatively assuming one missed rest period per week for each of Piedmont's non-exempt California employees during the Class Period, the amount in controversy for rest-period premiums is **$773,868.48**.  This amount is calculated by multiplying the number of workweeks for each of Piedmont's California non-exempt employees (203) by the average number of non-exempt California employees (209) that Piedmont employed during that period for a total of 42,427 aggregate workweeks (203 workweeks x 209 employees = 42,427 workweeks).  Assuming one missed rest period and resulting rest period penalty per week at the average hourly rate ($18.24) results in $773,868.48 of estimated damages ($18.24 x 42,427 workweeks = $773,868.48).

44.    Combined, Plaintiff's fourth and fifth causes of action for failure to pay missed meal- and rest-period premiums puts into controversy a minimum of **$1,547,736.96**.

### 6.    Untimely Payment and Waiting Time Penalties

45.    In her sixth cause of action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 204 and 210 for Piedmont's alleged failure to pay minimum and overtime wages in violation of California Labor Code sections 510, 1194, and 1197 and the applicable IWC Wage Order 9 within the time period prescribed by section 204.  (Compl. at 14 ¶ 82.)

46.    California Labor Code section 204(a) provides that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month."  If an employer fails to pay an employee wages as provided for under section 204(a), California Labor Code section 210(b) affords statutory penalties in the amount of $100 for any initial violation "for each failure to pay each employee" and $200 for each subsequent violation "for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."  Plaintiff alleges that Piedmont "intentionally and willfully failed to timely pay Plaintiff and the other Class [m]embers all wages due to them within the period permissible under California Labor Code section 204," and that they are accordingly due "all available remedies . . . including statutory penalties pursuant to California Labor Code section 210(b)."  (Compl. at 14 ¶¶ 81–82.)

47.    Plaintiff's sixth cause of action for waiting time penalties pursuant to California Labor Code sections 204 and 210 puts **$5,407,875** into controversy.  Based on the conservative assumption that each Class member worked at least one underpaid hour per week and accordingly was not paid for such wages within the time period prescribed in California Labor Code section 204, it is reasonable to assume that each employee had at least some allegedly late-paid wages in each pay period during the Class Period.[5]  *Martinez v. Sunnova Energy Corp.*, 2024 WL 4892513, at *4–5 (C.D. Cal. Nov. 25, 2024) (considering penalties under section 210 for

---

[5] *See Martinez v. Cencora, Inc.*, 2025 WL 1440321, at *4–5 (C.D. Cal. May 20, 2025) (finding a 100 percent violation rate in the context of a section 204 claim for untimely payment of wages reasonable).

1   violations of section 204 based on full duration of employment and not limited to one year); *see*

2   *also Jauregui v. Roadrunner Transp. Serv., Inc.*, 28 F.4th 989, 994 n.6 (9th Cir. 2022) (stating

3   that plaintiff's reliance on various statutes of limitation to challenge defendant's calculations

4   "confuses the amount in controversy with the amount that will ultimately be recovered").

5   Therefore, the initial violation would result in a penalty of $20,900 ($100 x 209 employees).

6   (Monserrate Decl. ¶ 6.)  Each subsequent pay period during the Class Period would result in an

7   aggregate penalty of $41,800 ($200 x 209 employees = $41,800).  For the 25 pay periods

8   remaining in the year after the initial pay period plus the 26 pay periods in the three years

9   following, the penalties would total $4,305,400 ((25 pay periods x $41,800) + (26 pay periods x

10  $41,800 x 3 years) = $4,305,400).  The penalties total $4,326,300 ($20,900 + $4,305,400).

11  Section 210(b) additionally affords a 25 percent penalty of the alleged amount unlawfully

12  withheld, totaling $1,081,575 ($4,326,300 x .25 = $1,081,575).  The aggregate penalties

13  accordingly total $5,407,875 ($4,326,300 + $1,081,575= $5,407,875).

14      48.    Plaintiff further seeks waiting time penalties pursuant to California Labor Code

15  section 203 for Piedmont's alleged failure to timely pay overtime and minimum wages upon

16  termination.  California Labor Code section 203 provides that, "[i]f an employer willfully fails to

17  pay, without abatement or reduction . . . any wages of an employee who is discharged or who

18  quits, the wages of the employee shall continue as a penalty from the due date thereof at the same

19  rate until paid . . . but the wages shall not continue for more than 30 days."  Cal. Lab. Code §

20  203(a).  In her eighth cause of action, Plaintiff alleges that Piedmont "willfully failed to pay [her

21  and other Class Members] all wages owed to them pursuant to California Labor Code sections

22  201 and 202," and "[a]s a result, Plaintiff and the other Class Members are entitled to all available

23  statutory penalties, including the waiting time penalties provided in California Labor Code

24  section 203."  (Ex. A at 16–17 ¶¶ 92–93.)

25      49.    Plaintiff's eighth cause of action for waiting time penalties pursuant to California

26  Labor Code section 203 puts into controversy a minimum of **$319,564.80**.  At least 73 non-

27  exempt California employees were terminated by, resigned from, or retired from Piedmont during

28  the Class Period.  (Monserrate Decl. ¶ 7.)  Assuming each separated Class member was owed

wages for which he or she was not paid, as Plaintiff alleges, each separated Class member would be entitled to 30 days of wages, for eight hours a day, based on the average hourly rate of $18.24, equaling $319,564.80 ($18.24 x 8 hour day = $145.92 per day;  $145.92 x 30 days = $4,377.60 per employee x 73 employees = $319,564.80).[6]

50.    Combined, Plaintiff's sixth and eighth causes of action for waiting time penalties puts into controversy a minimum of **$5,727,439.80** ($5,407,875 + $319,564.80).

### 7.    Wage Statement Penalties

51.    Plaintiff's seventh cause of action seeks penalties under California Labor Code section 226(a) for Piedmont's alleged failure to provide Plaintiff and the Class with accurate itemized wage statements.  California Labor Code section 226(a) provides that, "[a]n employer, semimonthly or at the time of each payment of wages, shall furnish to their employee . . . an accurate itemized statement in writing showing . . . gross wages earned."  An employee may recover $50 for the first pay period in which a violation occurs and $100 for each subsequent violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee. Cal. Lab. Code § 226(e)(1).  Plaintiff alleges that Piedmont failed to provide accurate and itemized wage statements during the Class Period because it failed to account for the allegedly unpaid minimum and overtime wages due to Plaintiff and the Class on their wage statements, along with unpaid wages and associated premiums for noncompliant meal and rest periods. (Compl. at 15 ¶¶ 85–87.)  Plaintiff therefore asserts that she and the Class are entitled to penalties under Section 226(e).  (*Id.* ¶¶ 87–88.)

52.    Plaintiff's claim for penalties under California Labor Code section 226(e) puts into controversy a minimum of **$532,950**.  Assuming at least one error on each putative Class member's wage statement per pay period for a one-year period, the initial violation would result

---

[6] Courts in this circuit regularly find a 100 percent violation rate for waiting time penalties reasonable because it assumes that all terminated class members were not paid wages owed to them at least one time during the entire class period.  *Bermejo*, 2020 WL 6392558, at *6; *Ford v. CEC Entm't, Inc.*, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) ("Because no averment in the complaint supports an inference that [the unpaid wages] were ever paid, [plaintiff] cannot now claim class members may be awarded less than the statutory maximum.").

in a penalty of $10,450 ($50 x 209 employees).  (Monserrate Decl. ¶ 6.)[7]  Each subsequent pay

period during the one-year statutory period would result in a penalty of $20,900 ($100 x 209

employees = $20,900).  For the 25 pay periods remaining in the year after the initial pay period,

the penalties would total $522,500 (25 pay periods x $20,900 = $522,500).  The aggregate

penalties total $532,950 ($10,450 + $522,500).

### 8.    Attorneys' Fees

53.     As set forth above, Plaintiff's claims for damages and penalties, taken together, put

into controversy a minimum of **$11,884,044.76** ($1,282,992.48 + $1,078,841.28 + $1,327,150.00

+ $386,934.24 + $1,547,736.96 + $5,727,439.80 + $532,950.00 = $11,884,044.76).

54.     But the amount in controversy also includes any attorneys' fees that may

reasonably be awarded to Plaintiff's counsel by statute throughout the course of this litigation.

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("[W]here an underlying

statute authorizes an award of attorneys' fees, either with mandatory or discretionary language,

such fees may be included in the amount in controversy."); *Fritsch v. Swift Transp. Co. of Ariz.,*

*LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees

if the action succeeds, 'then there is no question that future [attorneys' fees] are at stake in the

litigation, and the defendant may attempt to prove that future attorneys' fees should be included

in the amount in controversy.") (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417

(9th Cir. 2018) (citation omitted)).

---

[7] Inaccurate wage statement penalties "are derivative" of plaintiff's overtime and minimum wage
violations.  Where courts have found the underlying violation rates for the alleged nonpayment of
overtime and minimum wages reasonable, courts have also found a 100 percent violation rate for
wage-statement penalties reasonable because the underlying violation rate assumes that each pay
period will have at least one discrepancy.  *Sanchez*, 2021 WL 2679057, at *5; *Bermejo*, 2020 WL
6392558, at *6 (noting that every wage statement covering a two-week period likely contained an
error given that "Defendant can reasonably assume its alleged 'practice and policies' of
underpaying wages translate to about one overtime . . . violation each per week"); *Cavada v.
Inter-Continental Hotels Grp., Inc*., No. 19cv1675-GPC (BLM), 2019 WL 5677846, at *8 (S.D.
Cal. Nov. 1, 2019) (reasoning that every wage statement would be inaccurate based on the
defendant's reasonable assumptions that it failed to provide one meal period and one rest period
per week, so a 100 percent wage-statement violation rate was reasonable).

55.    The Ninth Circuit "has established 25 [percent] of the common fund as a benchmark award for attorney fees." *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). Courts have found that it is reasonable for a defendant to rely on this benchmark for purposes of calculating the amount in controversy for removal. *E.g.*, *Mariscal v. Ariz. Tile, LLC*, 2021 WL 1400892, at *5 (C.D. Cal. Apr. 14, 2021) (noting that "courts in this circuit consistently use the 25 [percent] benchmark rate" when calculating the amount in controversy for removal, "especially in wage and hour class actions . . . where fee awards at settlement typically require court approval"); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012). Here, 25 percent of the total amount of the conservative calculations for the amounts in controversy discussed above is **$2,971,011.19** ($11,884,044.76 damages x .25).

56.    Thus, the total amount that Plaintiff places in controversy is **$14,855,055.95** ($11,884,044.76 damages + $2,971,011.19 fees = **$14,855,055.95**). This amount well exceeds the $5,000,000 threshold that CAFA requires. Even when applying more conservative estimates of just one hour of unpaid overtime and minimum wages per week Plaintiff places **$13,569,517.85** in estimated damages and attorneys' fees in controversy ($641,496.24 + $691,907.04 + $1,327,150.00 + $386,934.24 + $1,547,736.96 + $5,727,439.80 + $532,950.00 in damages, x .25 = $2,713,903.57 in attorneys'; $10,855,614.28 damages + $2,713,903.57 fees = **$13,569,517.85**).

57.    Plaintiff additionally asserts that Piedmont failed to reimburse her and other Class members for necessary business expenditures in violation of California Labor Code sections 2800 and 2802. (Ex. A at 17 ¶¶ 94–97.) Plaintiff provides no further detail on the type, amount, or frequency of such expenses. (*See id.*) But in any case, such alleged damages will further increase the amount placed in controversy beyond the existing estimates.

58.    In sum, while Piedmont contends that Plaintiff's claims have no merit and cannot be certified for class treatment, the jurisdictional threshold under CAFA is satisfied, and removal is proper because the amount in controversy in this action is at least $5,000,000. *See* 28 U.S.C. § 1332(d).

1

    **D.**    **No CAFA Exceptions Apply**.

2

    59.     CAFA contains certain jurisdictional exceptions, none of which apply to this case.

3

    60.     The "Local Controversy Exception" does not apply to the present case because

4

Piedmont is not a citizen of California, the state in which the action was originally filed. *See* 28

5

U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

6

    61.     The "Home State Exception" does not apply to this case because Piedmont, the

7

sole and primary named defendant, is not a citizen of California, the state in which the action was

8

originally filed. *See* 28 U.S.C. § 1332(d)(4)(B).

9

    62.     Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C.

10

§ 1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and

11

1453.

12

**II.**    **VENUE**.

13

    63.     Plaintiff's State Court Action was commenced in the Superior Court of the State of

14

California for the County of Sonoma and, pursuant to 28 U.S.C. §§ 84(a), 1446(a), (b) and (c),

15

and 1453, may be removed to this United States District Court for the Northern District of

16

California, which embraces Sonoma County within its jurisdiction.

17

**III.**    **PROCEDURAL REQUIREMENTS**.

18

    64.     Piedmont satisfies the procedural requirements for removal.

19

    65.     Pursuant to 28 U.S.C. § 1441(a), Piedmont has removed this case to the district

20

and division embracing the place where the State Court Action is pending.

21

    66.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed

22

in the State Court Action are attached as Exhibits A–E.

23

    67.     Pursuant to 28 U.S.C. § 1446(b)(1), (c), this Notice of Removal is timely because

24

it was filed within 30 days of service of the Complaint on Piedmont and within one year of

25

commencement of the action.

26

    68.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served

27

upon Plaintiff's counsel and a copy filed with the Clerk of Court for the Superior Court of the

28

State of California, County of Sonoma.

1    **IV.    <u>CONCLUSION</u>.**

2        69.    For the reasons stated, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453,

3    the State Court Action may be removed to this federal district court, and Piedmont requests that it

4    be so removed.

5        WHEREFORE, Piedmont respectfully gives notice of and removes this action to this

6    Court.

7

8        Dated:  June 4, 2025                O'MELVENY & MYERS LLP
                                             MARK W. ROBERTSON
9                                            KELLY S. WOOD

10

11                                           By:   */s/ Kelly S. Wood*
12                                                       Kelly S. Wood

13                                           Attorneys for Defendant
                                             Piedmont Airlines, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PIEDMONT AIRLINES, INC.; and DOES 1 through 25, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>NICOLE DIXON, individually, and on behalf of other similarly situated employees, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**4/14/2025 8:02 PM**<br>By **Taylor Curtis, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil and Family Law Courthouse<br><br>3055 Cleveland Ave, Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**25CV02595** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen I. Gold, 8383 Wilshire Boulevard, Suite 745, Beverly Hills, CA 90211, (310) 622-4278

| DATE: 4/14/2025 8:02 PM<br>*(Fecha)* | Robert Oliver | Clerk, by<br>*(Secretario)* | Taylor Curtis, Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PIEDMONT AIRLINES, INC.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Exhibit A
Page 22

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**4/14/2025 8:02 PM**
**By: Taylor Curtis, Deputy Clerk**

1  Karen I. Gold (State Bar No. 258360)
   kgold@blackstonepc.com
2  Marissa M. Mayhood (State Bar No. 334376)
   mmayhood@blackstonepc.com
3  Noam Y. Reiffman (State Bar No. 299446)
   nreiffman@blackstonepc.com
4  **BLACKSTONE LAW, APC**
   8383 Wilshire Boulevard, Suite 745
5  Beverly Hills, California 90211
   Telephone: (310) 622-4278 / Facsimile: (855) 786-6356
6
7  *Attorneys for* Plaintiff NICOLE DIXON,
   individually, and on behalf of other similarly
8  situated employees

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **FOR THE COUNTY OF SONOMA**
10

11 | NICOLE DIXON, individually, and on behalf of | Case No.: 25CV02595 |
   | other similarly situated employees, | |
12 | | **CLASS ACTION COMPLAINT** |
   | Plaintiff, | |
13 | | (1) **Violation of Cal. Labor Code §§ 1194,** |
   | | **1197, and 1197.1 (Minimum Wages)** |
14 | vs. | |
   | | (2) **Violation of Cal. Labor Code §§ 510** |
15 | PIEDMONT AIRLINES, INC.; and DOES 1 | **and 1198 (Unpaid Overtime)** |
   | through 25, inclusive, | |
16 | | (3) **Violation of Cal. Labor Codes §§ 551** |
   | Defendants. | **and 552 (Failure to Provide One Day's** |
17 | | **Rest In Seven)** |
   | | (4) **Violation of Cal. Labor Code §§ 226.7** |
18 | | **and 512(a) (Meal Break Violations)** |
19 | | (5) **Violation of Cal. Labor Code § 226.7** |
   | | **(Rest Break Violations)** |
20 | | (6) **Violation of Cal. Labor Code §§ 204** |
   | | **and 210 (Wages Not Timely Paid** |
21 | | **During Employment)** |
22 | | (7) **Violation of Cal. Labor Code § 226(a)** |
   | | **(Wage Statement Violations)** |
23 | | (8) **Violation of Cal. Labor Code §§ 201,** |
   | | **202, and 203 (Untimely Final Wages)** |
24 | | |
25 | | (9) **Violation of Cal. Labor Code §§ 2800** |
   | | **and 2802 (Failure to Reimburse** |
26 | | **Necessary Business Expenses)** |
   | | (10) **Violation of Cal. Business &** |
27 | | **Professions Code §§ 17200, *et seq.*** |
28 | | |

1

2

3

4

**DEMAND FOR JURY TRIAL**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**CLASS ACTION COMPLAINT**

1    Plaintiff NICOLE DIXON ("Plaintiff"), individually, and on behalf of other similarly situated

2  employees, alleges as follows against Defendant PIEDMONT AIRLINES, INC., and DOES 1 through

3  25, inclusive (collectively, "Defendants"):

## INTRODUCTION

5    1.    This is a class action to recover damages on behalf of Plaintiff and all current and

6  former hourly-paid and/or non-exempt employees who worked for Defendants in the State of

7  California at any time during the period from four years prior to the date of the filing of this Complaint

8  through final judgment ("Class Members").

9    2.    Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other

10  things, failed to properly pay them all wages owed for all time worked (including minimum wages,

11  straight time wages, and overtime wages), failed to provide one day's rest in seven, failed to provide

12  them with all meal periods and rest periods and associated premium wages to which they were entitled,

13  failed to timely pay them all wages due during their employment, failed to timely pay them all wages

14  due upon termination of their employment, failed to provide them with accurate itemized wage

15  statements, and failed to reimburse them for necessary business expenses.

16    3.    As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202,

17  203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 1194, 1197, 1197.1, 1198, 2800, and 2802, and the

18  applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks

19  to recover all available remedies including but not limited to actual and liquidated damages and

20  attorney's fees and costs.

## JURISDICTION AND VENUE

22    4.    This is a class action lawsuit brought pursuant to California Code of Civil Procedure

23  section 382.

24    5.    The monetary damages, restitution, statutory penalties, and other applicable legal and

25  equitable relief sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and

26  will be established according to proof at trial.

27    6.    This Court has jurisdiction over this action pursuant to the California Constitution,

28  Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except

1 | those given by statute to other courts. The statutes under which this action is brought do not specify
2 | any other basis for jurisdiction.

3 |     7.    This Court has jurisdiction over all Defendants because, upon information and belief,
4 | Defendants are either citizens of California, have sufficient minimum contacts in California, and/or
5 | otherwise intentionally avail themselves of the California market so as to render the exercise of
6 | jurisdiction over them by the California courts consistent with traditional notions of fair play and
7 | substantial justice. Further, no federal question is at issue because the claims asserted herein are based
8 | solely on California law.

9 |     8.    Venue is proper in this Court because, upon information and belief, Defendants
10 | maintain offices, have agents, employ individuals, and/or transact business in the State of California,
11 | County of Sonoma, including at 2290 Airport Blvd, Santa Rosa, California, 95403.

12 | **THE PARTIES**

13 |     9.    At all times herein mentioned, Plaintiff NICOLE DIXON is and was an individual
14 | residing in the State of California.

15 |     10.    At all times herein mentioned, Defendant PIEDMONT AIRLINES, INC. was and is
16 | an employer who does business in California, with locations throughout the State of California, and
17 | whose employees are engaged throughout Sonoma County and the State of California, including at
18 | 2290 Airport Blvd, Santa Rosa, California, 95403.

19 |     11.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under
20 | the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and
21 | serve such fictitiously named Defendants once their names and capacities become known.

22 |     12.    Plaintiff is informed and believes, and thereon alleges, that the acts and omissions
23 | alleged herein were performed by, or are attributable to defendant PIEDMONT AIRLINES, INC.
24 | and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or
25 | working in concert with, each of the other co-Defendants and within the course and scope of such
26 | agency, employment, joint venture, or concerted activity with legal authority to act on the others'
27 | behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

28 |     13.    At all relevant times, Defendants were the employers of Plaintiff within the meaning

of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

14.   Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

15.   Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other Class Members' employment for them to be joint employers of Plaintiff and the other Class Members.

16.   Defendants directly hired and paid wages to Plaintiff and the other Class Members.

17.   Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

18.   At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

19.   Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**GENERAL ALLEGATIONS**

20.   Plaintiff NICOLE DIXON worked for Defendants from approximately November 2016 through approximately August 2024 as an Administrative Assistant. Defendants jointly and severally employed NICOLE DIXON. NICOLE DIXON performed various duties for Defendants including, among other things, assisting the general manager.

21.   Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide one day's rest in seven, failing to provide all meal

and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

22.    Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure section 382.

24.    The proposed **Class** is defined as follows:

> **All current and former hourly-paid and/or non-exempt employees**
> **who worked for Defendants in the State of California at any time**
> **during the period from four years prior to the date of the filing of**
> **this Complaint through final judgment.**

25.    The proposed **Former Employee Sub-Class** is defined as follows:

> **All former hourly-paid and/or non-exempt employees who worked**
> **for Defendants in the State of California at any time during the**
> **period from four years prior to the date of the filing of this**
> **Complaint through final judgment.**

26.    Plaintiff reserves the right to establish additional subclasses as appropriate.

27.    There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiff, such information can be ascertained through appropriate discovery from records maintained

by Defendants and their agents.

28. The Class is so numerous that the individual joinder of all its members is impracticable.

29. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

    i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

    ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other Class Members for all overtime hours worked;

    iii. Whether Defendants failed to provide Plaintiff and other Class Members with one day's rest in seven;

    iv. Whether Defendants paid Plaintiff and other Class Members at the appropriate overtime or double time rate when Defendants required Plaintiff or other Class Members to work in seven-day blocks without one day's rest, as proscribed by Cal. Lab. Codes §§ 551 and 552;

    v. Whether Defendants' failure to provide Plaintiff and other Class Members with one day's rest in seven was willful;

    vi. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other Class Members;

    vii. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other Class Members;

    viii. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

    ix. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

    x. Whether Defendants' failure to pay wages, without abatement or reduction, in

1      accordance with the California Labor Code, was willful;

2      xi.   Whether Defendants failed to pay all wages due to Plaintiff and the other Class

3            Members within the required time upon their discharge or resignation;

4      xii.  Whether Defendants failed to comply with wage reporting as required by the California

5            Labor Code, including, *inter alia*, section 226;

6      xiii. Whether Defendants failed to reimburse Plaintiff and the other Class Members for

7            necessary business-related expenses and costs;

8      xiv.  Whether Defendants' conduct was willful or reckless;

9      xv.   Whether Defendants engaged in unfair business practices in violation of California

10           Business & Professions Code section 17200, *et seq.*;

11     xvi.  The appropriate amount of damages, restitution, and/or monetary penalties resulting

12           from Defendants' violation of California law; and

13     xvii. Whether Plaintiff and the other Class Members are entitled to compensatory damages

14           pursuant to the California Labor Code.

15         30.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are

16   coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to

17   represent. Plaintiff will fairly and adequately protect the interests of the members of the Class.

18   Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to

19   prosecute this action vigorously.

20         31.    A class action is superior to other available methods for the fair and efficient

21   adjudication of this controversy since individual litigation of the claims of all Class Members is

22   impracticable. Even if every Class Member could afford individual litigation, the court system could

23   not. It would be unduly burdensome on the courts in which individual litigation of numerous cases

24   would proceed. Individualized litigation would also present the potential for varying, inconsistent,

25   and/or contradictory judgments and would magnify the delay and expense to all parties and to the

26   court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct

27   of this action as a class action presents fewer management difficulties, conserves the resources of the

28   parties and of the court system, and protects the rights of each Class Member.

32.     Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1

### Failure to Pay Minimum Wage

### (Against All Defendants)

33.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

34.     California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked.

35.     Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

36.     Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

37.     Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

38.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class

1    Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

2    unpaid and interest thereon.

3                                        **SECOND CAUSE OF ACTION**

4                          **VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198**

5                                              **Unpaid Overtime**

6                                          **(Against All Defendants)**

7        39.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

8        40.    California Labor Code section 1198 and the applicable IWC Wage Order provide that

9    it is unlawful to employ persons for extended periods of time without compensating them at a rate of

10   pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number

11   of hours worked by the person on a daily and/or weekly basis.

12       41.    Specifically, the applicable IWC Wage Order provides that Defendants were required

13   to pay Plaintiff and the other Class Members at the rate of time-and-one-half for all hours worked in

14   excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first

15   eight (8) hours worked on the seventh consecutive day in a workweek.

16       42.    The applicable IWC Wage Order further provides that Defendants were required to pay

17   Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular

18   rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in

19   excess of eight (8) hours on the seventh consecutive day in a workweek.

20       43.    California Labor Code section 510 codifies the right to overtime compensation at one-

21   and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in

22   excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh

23   consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for

24   hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

25   seventh day of work.

26       44.    Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in

27   a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess

28   of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff

---

8

**CLASS ACTION COMPLAINT**

and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

45.     Defendants' failure to pay Plaintiff and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

46.     Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 551 AND 552

### Failure to Provide One Day's Rest in Seven

### (Against All Defendants)

47.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

48.     California Labor Code § 551 states that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Cal. Lab. Code § 552 prohibits and employer from "caus[ing] his employees to work more than six days in seven."

49.     Further, the California Code of Regulations, Title 8 ("Cal. Code Regs.") provides for the amounts at which employees should be paid when working on the seventh day in the manner proscribed by Cal. Lab. Codes 551 and 552. For example, Cal. Code Reg. § 11170 for miscellaneous employees § 4 provides:

1

        4. Daily Overtime - General Provisions

2    The following overtime provisions are applicable to employees eighteen (18) years of
age or over and to employees 16 or 17 years of age who are not required by law to attend

3    school, and are not otherwise prohibited by law from engaging in the subject work. Such
employees shall not be employed more than eight (8) hours in any workday or more

4    than 40 hours in any workweek unless the employee receives one and one-half (1 1/2)
times such employee's regular rate of pay for all hours worked over 40 hours in the

5    workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight
(8) hours in any workday or more than six (6) days in any workweek is permissible

6    provided the employee is compensated for such overtime at not less than:

7

        (A) One and one-half (1 1/2) times the employee's regular rate of pay for all hours

8        worked in excess of eight (8) hours up to and including 12 hours in any workday,
        and for the first eight (8) hours worked on the seventh (7th) consecutive day of

9        work in a workweek; and
        (B) Double the employee's regular rate of pay for all hours worked in excess of

10        12 hours in any workday and for all hours worked in excess of eight (8) hours on
        the seventh (7th) consecutive day of work in a workweek.

11        (C) The overtime rate of compensation required to be paid to a nonexempt full-

12        time salaried employee shall be computed by using the employee's regular hourly
        salary as one-fortieth (1/40) of the employee's weekly salary.

13

14        50.    Plaintiff and other Class Members were subjected to numerous work periods where

15   they were not afforded one day's rest in seven.

16        51.    During the relevant time period, Defendants intentionally and willfully required

17   Plaintiff and other Class Members to work for periods of seven days straight without one day of rest

18   without properly compensating Plaintiff or the other Class Members, as prescribed by California law,

19   at either the time-and-a-half rate or the double time rate, depending on hours worked during the

20   seventh day.

21        52.    Defendants' conduct violates California law such as the applicable IWC Wage Orders

22   and California Labor Codes sections 551 and 552.

23        53.    Pursuant to the applicable IWC Wage Orders and California Labor Code sections 551

24   and 552, Plaintiff and other Class Members are entitled to recover from Defendants time-and-a-half

25   for all hours worked up through the end of the eighth hour, or double time for all hours worked in

26   excess of eight hours on the seventh day during the relevant time period.

27        54.    Plaintiff and other Class Members have been damaged in an amount according to proof

28   at the time of trial, and are entitled to recovery of such amounts, plus penalties, interest, attorneys'

1  fees, expenses and costs.

2                        **FOURTH CAUSE OF ACTION**

3            **VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)**

4                         **Meal Break Violations**

5                          **(Against All Defendants)**

6       55.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

7       56.    California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order

8  govern Plaintiff and the other Class Members' employment by Defendants.

9       57.    California Labor Code section 226.7 provides that no employer shall require an

10 employee to work during any meal period mandated by an applicable IWC Order.

11      58.    The applicable IWC Wage Order and California Labor Code section 512(a) provide

12 that an employer may not require, cause, or permit an employee to work for a period of more than five

13 (5) hours per day without providing the employee with an uninterrupted meal period of not less than

14 thirty (30) minutes, except that if the total work period per day of the employee is not more than six

15 (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

16      59.    The applicable IWC Wage Order and California Labor Code section 512(a) further

17 provide that an employer may not require, cause, or permit an employee to work a work period of

18 more than ten (10) hours per day without providing the employee with a second uninterrupted meal

19 period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12)

20 hours, the second meal period may be waived by mutual consent of the employer and the employee

21 only if the first meal period was not waived.

22      60.    Plaintiff and the other Class Members who were scheduled to work for shifts no longer

23 than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were

24 required to work for periods longer than five (5) hours without an uninterrupted meal period of not

25 less than thirty (30) minutes.

26      61.    Plaintiff and the other Class Members who were scheduled to work for shifts in excess

27 of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated

28 meal periods by mutual consent, were required to work for periods longer than ten (10) hours without

                                        11
                              **CLASS ACTION COMPLAINT**

1    a second uninterrupted meal period of not less than thirty (30) minutes.

2    　　　　62.    Defendants intentionally and willfully required Plaintiff and the other Class Members

3    to work during meal periods and failed to compensate Plaintiff and the other Class Members for work

4    performed during meal periods. This includes, among other things, requiring Plaintiff and Class

5    Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members

6    to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch

7    breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch

8    breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and

9    restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

10   　　　　63.    Defendants automatically deducted time from Plaintiff's and the other Class Members'

11   timesheets for purported meal periods regardless of whether compliant meal periods were taken.

12   　　　　64.    During the relevant time period, Defendants failed to pay Plaintiff and the other Class

13   Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and

14   the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration,

15   including non-discretionary commissions, non-discretionary bonuses, and non-discretionary

16   performance pay, when calculating regular rates of pay for meal period premiums and/or merely using

17   straight time pay to calculate regular rates of pay for meal period premiums.

18   　　　　65.    Defendants' conduct therefore violates the applicable IWC Wage Order and California

19   Labor Code sections 226.7 and 512(a).

20   　　　　66.    Pursuant to the applicable IWC Wage Order and California Labor Code section

21   226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional

22   hour of pay at their regular rate of compensation for each workday that a compliant meal

23   period was not provided as well as interest thereon.

24   ### FIFTH CAUSE OF ACTION

25   ### VIOLATION OF CAL. LABOR CODE § 226.7

26   ### Rest Break Violations

27   ### (Against All Defendants)

28   　　　　67.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

12

**CLASS ACTION COMPLAINT**

68.     California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

69.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.     The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

71.     Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

72.     Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

73.     As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

74.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

75.     Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay

Exhibit A
Page 37

1  for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest
2  period premiums.

3      76.     Pursuant to the applicable IWC Wage Order and California Labor Code section
4  226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional
5  hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not
6  provided as well as interest thereon.

7                          **SIXTH CAUSE OF ACTION**
8              **VIOLATION OF CAL. LABOR CODE §§ 204 AND 210**
9                  **Wages Not Timely Paid During Employment**
10                          **(Against All Defendants)**

11     77.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

12     78.     California Labor Code section 204 provides that all wages earned by any person in any
13  employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages
14  due upon termination of an employee, are due and payable between the 16th and 26th day of the month
15  during which the labor was performed.

16     79.     California Labor Code section 204 provides that all wages earned by any person in any
17  employment between the 16th and the last day, inclusive, of any calendar month, other than those
18  wages due upon termination of an employee, are due and payable between the 1st and the 10th day of
19  the following month.

20     80.     California Labor Code section 204 provides that all wages earned for labor in excess
21  of the normal work period shall be paid no later than the payday for the next regular payroll period.

22     81.     As a result of the violations set forth in detail above (failure to pay overtime, failure to
23  pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and
24  willfully failed to timely pay Plaintiff and the other Class Members all wages due to them within the
25  period permissible under California Labor Code section 204.

26     82.     Plaintiff and the other Class Members are entitled to recover all available remedies for
27  Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to
28  California Labor Code section 210(b).

                                    14
                          **CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE § 226(a)

#### Wage Statement Violations

#### (Against All Defendants)

83.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

84.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

85.     As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

86.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

87.     Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these

1  costs had Defendants provided the accurate number of total hours worked. This has also delayed

2  Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

3      88.    Plaintiff and the other Class Members are entitled to recover from Defendants the

4  greater of their actual damages caused by Defendants' failure to comply with California Labor Code

5  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

6  **EIGHTH CAUSE OF ACTION**

7  **VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203**

8  **Untimely Final Wages**

9  **(Against All Defendants)**

10      89.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

11      90.    Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required

12  to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code

13  section 201 mandates that if an employer discharges an employee, the employee's wages accrued and

14  unpaid at the time of discharge are due and payable immediately. California Labor Code section 202

15  mandates that if an employee quits, his or her wages shall become due and payable not later than

16  seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of

17  his or her intention to quit, in which case the employee is entitled to his or her wages at the time of

18  quitting.

19      91.    California Labor Code section 203 provides that if an employer willfully fails to pay,

20  in accordance with California Labor Code sections 201 and 202, any wages of an employee who is

21  discharged or who quits, the wages of the employee shall continue as a penalty from the due date

22  thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not

23  continue for more than thirty (30) days.

24      92.    As a result of the violations set forth in detail above (failure to pay overtime, failure to

25  pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and

26  the other Class Members' employment with Defendants ended, Defendants knowingly and willfully

27  failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and

28  202, including, without limitation, overtime wages, minimum wages, meal period premium wages,

1    and rest period premium wages, and all wages due to Plaintiff and Class Members as they became

2    due, as required per California Labor Code section 204.

3        93.    As a result, Plaintiff and the other Class Members are entitled to all available

4    statutory penalties, including the waiting time penalties provided in California Labor Code section

5    203, together with interest thereon, as well as other available remedies.

6                      **NINTH CAUSE OF ACTION**

7         **VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802**

8           **Failure to Reimburse Necessary Business Expenses**

9                   **(Against All Defendants)**

10        94.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

11        95.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

12    reimburse its employees for all necessary expenditures incurred by the employee in direct consequence

13    of the discharge of the employee's job duties or in direct consequence of the employee's job duties or

14    in direct consequence of the employee's obedience to the directions of the employer.

15        96.    Plaintiff and the other Class Members incurred necessary business-related expenses

16    and costs that were not fully reimbursed by Defendants.

17        97.    Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class

18    Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members

19    are entitled to recover from Defendants their business-related expenses and costs incurred during the

20    course and scope of employment, plus interest accrued from the date on which Plaintiff and the other

21    Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in

22    the State of California.

23                      **TENTH CAUSE OF ACTION**

24      **VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ.***

25              **Unfair and Unlawful Business Practices**

26                   **(Against All Defendants)**

27        98.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

28        99.    Each and every one of Defendants' acts and omissions in violation of the California

17

**CLASS ACTION COMPLAINT**

1  Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not

2  limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and

3  refusal to provide one day's rest in seven, Defendants' failure and refusal to pay minimum wages,

4  Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums,

5  Defendants' failure and refusal to provide required rest periods and/or pay the required rest break

6  premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment,

7  Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and

8  refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely

9  pay wages upon termination constitutes unfair and unlawful business practices under California

10  Business and Professions Code sections 17200, *et seq.*

11       100.    Defendants' violations of California wage and hour laws constitute unfair and unlawful

12  business practices because, among other things, they were done repeatedly over a significant period

13  of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

14       101.    Defendants have avoided payment of overtime wages (including overtime wages

15  required for requiring Plaintiff and other Class Members to work on the seventh day in a row),

16  minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of

17  pay, and other benefits as required by the California Labor Code, the California Code of Regulations,

18  and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the

19  correct sums of assessment to the state authorities under the California Labor Code and other

20  applicable regulations.

21       102.    As a result of Defendants' unfair and unlawful business practices, Defendants have

22  reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense

23  of Plaintiff, the other Class Members, and members of the public. Defendants should be made to

24  disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

25       103.    Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class

26  Members to seek preliminary and permanent injunctive relief, including but not limited to orders that

27  Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and

28  other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled

1 | to restitution of all monies to be disgorged from Defendants in an amount according to proof at the

2 | time of trial.

3 | **PRAYER FOR RELIEF**

4 |   Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against

5 | Defendants, jointly and severally, as follows:

6 | **Class Certification**

7 | 1.  That this action be certified as a class action;

8 | 2.  That Plaintiff be appointed as the representative of the Class;

9 | 3.  That counsel for Plaintiff be appointed as Class Counsel; and

10 | 4.  That Defendants provide to Class Counsel the names and most current/last known

11 | contact information (addresses, e-mails, and telephone numbers) of all Class Members.

12 | **As to the First Cause of Action**

13 | 5.  That the Court declare, adjudge, and decree that Defendants violated California Labor

14 | Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the

15 | other Class Members;

16 | 6.  For general unpaid wages and such general and special damages as may be appropriate;

17 | 7.  For statutory wage penalties pursuant to California Labor Code section 1197.1 for

18 | Plaintiff and the other Class Members in the amount as may be established according to proof at trial;

19 | 8.  For pre-judgment interest on any unpaid compensation from the date such amounts

20 | were due;

21 | 9.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

22 | Labor Code section 1194(a);

23 | 10.  For liquidated damages pursuant to California Labor Code section 1194.2; and

24 | 11.  For such other and further relief as the Court may deem just and proper.

25 | **As to the Second Cause of Action**

26 | 12.  That the Court declare, adjudge, and decree that Defendants violated California Labor

27 | Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all

28 | overtime wages due to Plaintiff and the other Class Members;

13.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 551 and 552 by willfully failing to provide Plaintiff or the Class Members one day's rest in seven;

18.    That the Court declare, adjudge and decree that Defendants willfully failed to pay Plaintiff or the Class Members appropriately for working on the seventh day in the manner required per the appropriate IWC Wage Order;

19.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

20.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

21.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 1194; and

22.    For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other Class Members;

24.    For premium wages pursuant to California Labor Code section 226.7(c);

25.    For all actual, consequential, and incidental losses and damages, according to proof;

26.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein; and

28.   For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause Action

29.   That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiff and the other Class Members;

30.   For premium wages pursuant to California Labor Code section 226.7(c);

31.   For all actual, consequential, and incidental losses and damages, according to proof;

32.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

33.   For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

34.   That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other Class Members;

35.   For statutory penalties pursuant to California Labor Code section 210; and

36.   For such other and further relief as the Court deems just and proper.

### As to the Seventh Cause of Action

37.   That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

38.   For actual, consequential, and incidental losses and damages, according to proof;

39.   For statutory penalties pursuant to California Labor Code section 226(e);

40.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

41.   For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

42.   That the Court declare, adjudge, and decree that Defendants violated California Labor

21

**CLASS ACTION COMPLAINT**

1  Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

2  termination of the employment of Plaintiff and the other Class Members no longer employed by

3  Defendants;

4      43.    For all actual, consequential, and incidental losses and damages, according to proof;

5      44.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff

6  and the other Class Members who have left Defendants' employ;

7      45.    For pre-judgment interest on any unpaid compensation from the date due; and

8      46.    For such other and further relief as the Court may deem just and proper.

9                  **As to the Ninth Cause of Action**

10     47.    That the Court declare, adjudge, and decree that Defendants violated California Labor

11 Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members

12 for all necessary business-related expenses as required by California Labor Code sections 2800 and

13 2802;

14     48.    For actual, consequential, and incidental losses and damages, according to proof;

15     49.    For the imposition of civil penalties and/or statutory penalties;

16     50.    For reasonable attorneys' fees and costs of suit incurred herein; and

17     51.    For such other and further relief as the Court may deem just and proper.

18                  **As to the Tenth Cause of Action**

19     52.    That the Court declare, adjudge, and decree that Defendants violated the following

20 California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1

21 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 551 and 552

22 (by failing to provide one day's rest in seven); 226.7 and 512(a) (by failing to provide meal and rest

23 periods or compensation in lieu thereof); 204 (by failing to timely pay wages during employment);

24 226(a) (by failing to provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages

25 owed upon termination); and 2800 and 2802 (by failing to reimburse business-related expenses);

26     53.    For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-

27 judgment interest from the day such amounts were due and payable;

28     54.    For the appointment of a receiver to receive, manage, and distribute any and all funds

1    disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

2    result of violation of California Business and Professions Code sections 17200, *et seq.*;

3         55.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

4    Code of Civil Procedure section 1021.5; and

5         56.      For injunctive relief to ensure compliance with this section, pursuant to California

6    Business and Professions Code sections 17200, *et seq.*

7

8    Dated: April 14, 2025                  **BLACKSTONE LAW, APC**

9

10                      By:      *Karen Gold*

11                          Karen I. Gold, Esq.
                             Marissa A. Mayhood, Esq.

12                              Noam Y. Reiffman, Esq.

13                              *Attorneys for* Plaintiff NICOLE DIXON,
                             individually, and on behalf of other similarly

14                              situated employees

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: April 14, 2025

BLACKSTONE LAW, APC

By: *Karen Gold*

Karen I. Gold, Esq.
Marissa A. Mayhood, Esq.
Noam Y. Reiffman, Esq.

*Attorneys for* Plaintiff NICOLE DIXON,
individually, and on behalf of other similarly
situated employees

24

**CLASS ACTION COMPLAINT**

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Karen I. Gold (State Bar No. 258360); Marissa M. Mayhood (State Bar No. 334376); Noam Y. Reiffman (State Bar No. 299446)<br>8383 Wilshire Boulevard, Suite 745, Beverly Hills, California 90211<br><br>TELEPHONE NO.: (310) 622-4278          FAX NO. : (855) 786-6356<br>EMAIL ADDRESS: kgold@blackstonepc.com, mmayhood@blackstonepc.com, nreiffman@blackstonepc.com<br>ATTORNEY FOR *(Name):* Plaintiff Nicole Dixon | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**4/14/2025 8:02 PM**<br>**By: Taylor Curtis, Deputy Clerk** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 3055 Cleveland Ave
MAILING ADDRESS: 3055 Cleveland Ave
CITY AND ZIP CODE: Santa Rosa, 95403
BRANCH NAME: Civil and Family Law Courthouse

CASE NAME:
Nicole Dixon v. Piedmont Airlines, Inc. et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>25CV02595 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties          d. [x] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
    c. [x] Substantial amount of documentary evidence                 court
                                                                    f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* 10
5.  This case [x] is   [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 14, 2025

Karen I. Gold                                                      ▶        *Karen Gold*
(TYPE OR PRINT NAME)                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

Exhibit B
Page 50

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

# EXHIBIT C

Exhibit C
Page 52

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL AND FAMILY LAW COURTHOUSE<br>CIVIL DIVISION<br>3055 CLEVELAND AVE.<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6610<br>http://www.sonoma.courts.ca.gov<br><br>DIXON vs PIEDMONT AIRLINES, INC. | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>4/29/2025<br>Superior Court of California<br>County of Sonoma<br><br>By: Taylor Curtis<br>Taylor Curtis, Deputy Clerk |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br>25CV02595 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. JANE GASKELL FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

    A Case Management Conference has been set at the time and place indicated below:

| Date: 09/25/2025 | Time: 3:00PM | Courtroom 17 |
|---|---|---|
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 [Rev. May 17, 2019]    NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC<br>CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

Exhibit C<br>Page 53

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

CV-1 [Rev. May 17, 2019]        NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

Exhibit C
Page 54

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CV-1 [Rev. May 17, 2019]    NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP §§177.5, 583.410

Exhibit C
Page 55

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Karen I. Gold (SBN 258360)<br>BLACKSTONE PC<br>8383 Wilshire Blvd Ste 745   Beverly Hills, CA 902112442<br><br>TELEPHONE NO.: (310) 971-9450 \| FAX NO. : \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: NICOLE DIXON | FOR COURT USE ONLY |
| --- | --- |

| **SONOMA COUNTY SUPERIOR COURT** | |
| --- | --- |
| STREET ADDRESS: 3055 CLEVELAND AVENUE | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: SANTA ROSA, CA 95403 | |
| BRANCH NAME: CIVIL AND FAMILY LAW COURTHOUSE | |

| PLAINTIFF:  NICOLE DIXON | CASE NUMBER: |
| --- | --- |
| DEFENDANT:  PIEDMONT AIRLINES, INC, et al. | 25CV02595 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>NICOLE DIXON |
| --- | --- |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES, NOTICE OF CASE MANAGEMENT CONFERENCE, and ORDER TO SHOW CAUSE**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **PIEDMONT AIRLINES, INC.**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Crystal Rodriguez Authorized to Accept on Behalf of CSC LAWYERS INCORPORATING SERVICE - REGISTERED AGENT**

4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **5/5/2025**    (2) at *(time)*: **1:59 PM**
      **Age: 31-35 Weight: 161-180 Hair: Black Sex: Female Height: 5'1"-5'6" Eyes:  Race: Hispanic**

   b. ☐  **by substituted service.**  On *(date)*:   at  *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:                               **or** ☐  a declaration of mailing is attached.

      (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/1647853 |
| --- | --- | --- |

PETITIONER: NICOLE DIXON

RESPONDENT: PIEDMONT AIRLINES, INC, et al.

CASE NUMBER:
**25CV02595**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                         (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of: **PIEDMONT AIRLINES, INC.**

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Ritong Kylee Iechad - Steno Agency, Inc.**

b. Address: **315 West 9th Street  Los Angeles, CA 90015**

c. Telephone number: **(213) 516-4166**

d. **The fee** for service was: $

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner  ☐ employee  ☑ independent contractor.

(ii) Registration No.: **150**

(iii) County: **Sutter**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/6/2025**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Ritong Kylee Iechad**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT E

MARK W. ROBERTSON (S.B. #200220)
mrobertson@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061

KELLY S. WOOD (S.B. #267518)
kwood@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone:    (949) 823-6900
Facsimile:    (949) 823-6994

Attorneys for Defendant
Piedmont Airlines, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| NICOLE DIXON, individually, and on behalf of other similarly situated employees,<br><br>        Plaintiff,<br><br>   v.<br><br>PIEDMONT AIRLINES, INC.; and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. 25CV02595<br><br>Filed: April 14, 2025<br><br>**DEFENDANT PIEDMONT AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>Trial Date:  None set<br>Assigned to:  Judge Jane Gaskell |

Exhibit E
Page 60

Defendant Piedmont Airlines, Inc. ("Piedmont") answers Plaintiff Nicole Dixon's ("Plaintiff") April 14, 2025 unverified complaint (the "Complaint") as follows:

Pursuant to California Code of Civil Procedure section 431.30, Piedmont denies each and every, all and singular, allegations of the Complaint and also denies that Plaintiff or any putative member of any purported class set forth in the Complaint were damaged in the sum or sums alleged or in any sum at all. Piedmont further specifically denies that any of the claims alleged by Plaintiff in the Complaint may properly be adjudicated on a class-action and/or representative basis.

## AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON BEHALF OF HERSELF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF THE PURPORTED CLASS AS SET FORTH IN THE COMPLAINT, PIEDMONT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because they are preempted by, *inter alia*, the Railway Labor Act, 29 U.S.C. §§ 151 *et seq.*

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by Industrial Welfare Commission Order No. 9-2001 § 1(E).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred to the extent Plaintiff or any members of the putative class have waived, discharged, abandoned, and/or released Piedmont from any claims she or they may have against Piedmont.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are precluded by the doctrine of res

judicata, claim preclusion, collateral estoppel, and/or settlement and release with respect to any releases or settlements entered into by Plaintiff and/or any member of the putative class.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including without limitation, the limitations periods prescribed in California Business and Professions Code § 17208, California Labor Code § 203, and California Code of Civil Procedure §§ 338, 340, and/or 343.

## SIXTH AFFIRMATIVE DEFENSE

While Piedmont denies that it failed to pay any wages or other amounts to Plaintiff or the members of the putative class, if it is determined that such monies are owed, Piedmont asserts that at all times relevant to this action a reasonable good-faith dispute existed as to whether such wages or other amounts were owed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and each of them, brought on behalf of herself and the putative class members as set forth in the Complaint, or some of them, are barred in whole or in part because Piedmont has at all times acted in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, guidelines, approvals, and/or interpretations of federal and California agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with California wage-and-hour laws.

## EIGHTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor any putative class member is entitled to penalties under California Labor Code § 226 because Piedmont's behavior was not "knowing and intentional" and/or because no injury was suffered.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under California Business & Professions Code §§ 17200 *et seq.* is barred, in whole or in part, because Piedmont's alleged practices were not "unfair" or

"unlawful," the public was not and would not likely have been deceived by any such alleged practices, Piedmont would have gained no competitive advantage by engaging in such alleged practices, and the benefits of the alleged practices outweighed any harm or other impact they might have caused.

### TENTH AFFIRMATIVE DEFENSE

Any finding of liability pursuant to the California Business & Professions Code would violate the Due Process Clauses of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business & Professions Code are unduly vague and ambiguous, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any putative class member sustained damages, which Piedmont denies, Plaintiff and/or the putative class members have contributed in a direct and proximate manner to any such damages by failing to act reasonably and prudently to mitigate damages. Plaintiff and the putative class members' compensable damages, if any, must be reduced by the extent to which those damages were proximately caused by Plaintiff's or the putative class members' failure to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

If Piedmont's employees or any of them committed the acts alleged in the Complaint, although such is not admitted, such acts were committed by persons acting outside the scope of employment and not as agents of Piedmont, and thus, Piedmont is not liable for such acts.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of the putative members of the purported class, as set forth in the Complaint, are barred in whole or in part because the members of the purported class are estopped by their own conduct to claim any right to damages or other monetary relief, or any additional damages or other monetary relief, from Piedmont.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff and/or any member of the purported class sustained any damages as set forth in the Complaint, although such is not admitted, Piedmont is entitled under the equitable doctrine of setoff and recoupment to offset all obligations that the Plaintiff or any putative class member owed to Piedmont against any judgment that may be entered against Piedmont.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff and/or any member of the purported class sustained any damages as set forth in the Complaint, although such is not admitted, such claim is limited by California Labor Code § 226(e)(1), under which  Plaintiff and/or any member of the purported class is limited by from recovering aggregate damages in this case beyond $4,000.

## SIXTEENTH AFFIRMATIVE DEFENSE

Piedmont is informed and believes, and on that basis alleges, that Piedmont may have additional defenses available, which are not now fully known and of which it is not now aware. Piedmont reserves the right to raise and assert such additional defenses once such additional defenses have been ascertained.

**WHEREFORE**, Piedmont prays as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

2. That this Court declare that this action cannot be maintained as a class action;

3. That Plaintiff, take nothing by way of the Complaint;

3. That Plaintiff be awarded costs of suit and attorneys' fees; and

4. That the Court order such other and further relief for Piedmont as the Court may deem just and proper.

Dated:  June 2, 2025

MARK W. ROBERTSON
KELLY S. WOOD
O'MELVENY & MYERS LLP


By:  \_\_/s/ *Kelly S. Wood*_____
     Kelly S. Wood

Attorneys for Defendant
Piedmont Airlines, Inc.

## **PROOF OF SERVICE**

I, Adrianna Guida, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California 92660-6429. On June 2, 2025, I served the within documents:

### **DEFENDANT PIEDMONT AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☒     BY ONE LEGAL E-SERVICE: a true and correct copy of the document(s) listed above was/were electronically transmitted to the registered users at the email addresses set forth below via One Legal's electronic service system.

Karen I. Gold
kgold@blackstonepc.com
Marissa M. Mayhood
mmayhood@blackstonepc.com
Noam Y. Reiffman
nreiffman@blackstonepc.com
BLACKSTONE LAW, APC
8383 Wilshire Boulevard, Suite 745
Beverly Hills, CA 90211

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on June 2, 2025, at Newport Beach, California.

*Adrianna Guida*
_____
Adrianna Guida

**O**NE **L**EGAL®

**Confirmation #:**   32538927
**Case Title:**          DIXONvsPIEDMONT AIRLINES, INC.

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Sonoma County, Superior Court of California |
| **Court Branch:** | Sonoma Civil |
| **Case Title:** | DIXONvsPIEDMONT AIRLINES, INC. |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | 15: Unlimited Other Employment |
| **Case #:** | 25CV02595 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling-eService |
| **Filing order #:** | 25516348 |
| **Date/Time Submitted:** | 6/2/2025 5:57 PM PT |
| **Matter / Billing Code:** | 0670147-00009 |
| **Contact Name:** | Court Services |
| **Attorney Name:** | Kelly Wood |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | DEFENDANT PIEDMONT AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT | 7 |

## eSERVICE RECIPIENTS

| Name | Email |
|---|---|
| Karen Gold | kgold@blackstonepc.com |
| Marissa Mayhood | mmayhood@blackstonepc.com |
| Noam Reiffman | nreiffman@blackstonepc.com |
| Mark Robertson | mrobertson@omm.com |
| Kelly Wood | kwood@omm.com |
| Anna Guida | aguida@omm.com |